1
2
3
4
5

SEYFARTH SHAW LLP
Jamie C. Pollaci (SBN 244659)
Email: jpollaci@seyfarth.com
Orly Z. Elson (SBN 240645)
E-mail: oelson@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Telephone:   (310) 277-7200
Facsimile:   (310) 201-5219

6
7

Attorneys for Defendant
LOWE'S HOME CENTERS, LLC

8

9

UNITED STATES DISTRICT COURT

10

CENTRAL DISTRICT OF CALIFORNIA

11

SOUTHERN DIVISION

12
13

MARIA ALEJANDRA VIGIL, an
individual,

14

Plaintiff,

15

v.

16
17

LOWE'S HOME CENTERS, LLC, a
California Limited Liability Company; and
DOES 1 through 10, inclusive,

18

Defendants.

Case No. _____
8:21-cv-240

(Orange County Superior Court Case
No. 30-2020-01176663-CU-WT-NJC)

**DEFENDANT LOWE'S HOME
CENTERS, LLC'S NOTICE OF
REMOVAL OF CIVIL ACTION TO
UNITED STATES DISTRICT
COURT PURSUANT TO
DIVERSITY OF CITIZENSHIP
JURISDICTION [28 U.S.C.
SECTIONS 1332 AND 1441]**

19
20

Complaint Filed: December 30, 2020
Trial Date:        None Set

21
22

        To the United States District Court for the Central District of California and to
Plaintiff and her attorneys of record:

23
24
25
26
27
28

        Please take notice that Defendant LOWE'S HOME CENTERS, LLC ("Defendant")
hereby files this Notice of Removal pursuant to 28 United States Code sections 1332 and
1441(a) and (b), based on diversity of citizenship jurisdiction, in order to effectuate the
removal of the above-captioned action from the Superior Court of the State of California,
County of Orange, to the United States District Court for the Central District of California,
and states that removal is proper for the following reasons:

1

## I.    **BACKGROUND**

1.    On December 30, 2020, Plaintiff Maria Alexandra Vigil ("Plaintiff") filed a Complaint in the Superior Court of the State of California, County of Orange, entitled, *Maria Alexandra Vigil v. Lowe's Home Centers, LLC and DOES 1 to 10, inclusive*, designated as Case No. 30-2020-01176663-CU-WT-NJC. In the Complaint, Plaintiff alleges eight causes of action against Defendant: (1) Disability Discrimination; (2) Failure to Engage in the Interactive Process; (3) Failure to Accommodate; (4) Failure to Prevent Discrimination and Retaliation; (5) Retaliation; (6) Wrongful Termination in Violation of Public Policy; (7) Intentional Infliction of Emotional Distress; and (8) Unlawful Competition and Unlawful Business Practices.

2.    On January 6, 2021, Plaintiff served Defendant with the Summons and Complaint. True and correct copies of the Summons and Complaint served on Defendant are attached as Exhibit 1 (hereinafter "Compl.").

3.    On February 4, 2021, Defendant filed its Answer to the Complaint in the County of Orange Superior Court. A true and correct unconformed copy of Defendant's Answer filed in the County of Orange Superior Court is attached as Exhibit 2.

4.    Exhibits 1 and 2 constitute all of the pleadings served on Defendant and/or filed by Defendant in the state court action prior to filing this Notice of Removal. (Declaration of Orly Z. Elson ["Elson Dec."] ¶ 3.) Aside from a trial setting conference scheduled on August 13, 2021, there are no pending hearings currently scheduled in the County or Orange Superior Court in the state court action. (Elson Dec. ¶ 3.)

## II.    **TIMELINESS OF REMOVAL**

5.    This notice of removal is timely as it is filed less than one year from the date this action was commenced and within thirty days of the service of the Summons and Complaint upon Lowe's Home Centers, LLC, the moving defendant. 28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 119 S. Ct. 1322 (1999) (thirty-day deadline to remove commences upon service of the summons and complaint). (Exhibit 1.)

DEFENDANT LOWE'S HOME CENTERS LLC'S NOTICE OF REMOVAL TO U.S. DISTRICT COURT
67684122v.2

### III.    JURISDICTION BASED ON DIVERSITY OF CITIZENSHIP

6.      The Court has original jurisdiction of this action under 28 United States Code section 1332(a)(1). As set forth below, this action is removable pursuant to 28 United States Code section 1441(a) as the amount in controversy is in excess of $75,000, exclusive of interest and costs, and is between citizens of different states.

7.      **Plaintiff's Citizenship**. "An individual is a citizen of the state in which he is domiciled …." *Boon v. Allstate Ins. Co.*, 229 F. Supp. 2d 1016, 1019 (C.D. Cal. 2002) (citing *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001)). For purposes of diversity jurisdiction, citizenship is determined by the individual's domicile at the time that the lawsuit is filed. *Armstrong v. Church of Scientology Int'l*, 243 F.3d 546, 546 (9th Cir. 2000) (citing *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986)). Evidence of continuing residence creates a presumption of domicile. *Washington v. Havensa LLC*, 652 F.3d 340, 345 (3d Cir. 2011).

8.      Plaintiff's Complaint asserts that she resides in California: "Plaintiff is an individual and resident of the city of Santa Ana, California." (Compl. ¶3.) Throughout Plaintiff's employment, from November 12, 1998 through June 19, 2020, Plaintiff worked at a store located in California.   (Declaration of Grace Ridley ["Ridley Dec."] ¶ 3.) Additional evidence that Plaintiff resides in California can be found in the fact that, throughout her employment with Defendant, Plaintiff's home address was within the State of California. (Ridley Dec. ¶ 4.) There are no documents in Plaintiff's personnel records to suggest in any way that she is currently, or during the period of her employment was, a resident or citizen of any state other than California. (*Id.*) Plaintiff's residence in California is prima facie evidence of her domicile. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983) (a party's residence is prima facie evidence of her domicile). By asserting her California residence in her Complaint, and providing her California residence to her former employer, Plaintiff has demonstrated "an intent to remain" in California, establishing Plaintiff's domicile in California. Plaintiff therefore, is, and at all times since the commencement of this action has been, a citizen of the State of California.

DEFENDANT LOWE'S HOME CENTERS LLC'S NOTICE OF REMOVAL TO U.S. DISTRICT COURT
67684122v.2

9. **Defendant's Citizenship**. In a removal, a limited liability company is treated as a partnership for purposes of diversity, and citizenship depends on the citizenship of its members. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). A corporation is deemed to be a citizen of any state in which it has been incorporated and of any state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). The "principal place of business" for the purpose of determining diversity subject matter jurisdiction refers to "the place where a corporation's officers direct, control, and coordinate the corporation's activities .... [I]n practice it should normally be the place where the corporation maintains its headquarters-provided that the headquarters is the actual center of direction, control, and coordination, i.e., the 'nerve center,' and not simply an office where the corporation holds its board meetings[.]" *See Hertz Corp. v. Friend*, 559 U.S. 77, 92-93, 130 S.Ct. 1181, 1192 (2010).

10. Defendant Lowe's Home Centers, LLC's sole member is Lowe's Companies, Inc. (Ridley Dec. ¶ 6.)

11. Lowe's Companies, Inc. is, and was at the time the civil action was instituted, a corporation organized under the laws of North Carolina. (Ridley Dec. ¶ 6.)

12. Further, Lowe's Companies, Inc.'s headquarters—where its high-level officers direct, control, and coordinate the corporation's activities—is located in Mooresville, North Carolina. (Ridley Dec. ¶ 7.) The majority of Lowe's Companies, Inc.'s executive and administrative functions take place at its headquarters in North Carolina. (*Id.*) All of Lowe's Companies, Inc.'s executives have offices in, and regularly work from, these headquarters. (*Id.*) The functions performed at Lowe's Companies, Inc.'s North Carolina headquarters include the activities of all of its high-level management team, and the majority of its administrative functions, including payroll, accounting, purchasing, marketing, legal, human resources, and information systems. (*Id.*) Lowe's Companies, Inc.'s company-wide policies and procedures are formulated at the North Carolina headquarters. (*Id.*) Lowe's Companies, Inc.'s activities and operations are directed and

DEFENDANT LOWE'S HOME CENTERS LLC'S NOTICE OF REMOVAL TO U.S. DISTRICT COURT
67684122v.2

ultimately controlled from the North Carolina headquarters. (*Id.*) Thus, Lowe's Companies, Inc. is a citizen of North Carolina.

13.    Accordingly, because Lowe's Companies, Inc. is a citizen of North Carolina, Defendant is a citizen of the State of North Carolina, not California. Thus, the requisite diversity of citizenship exists. *See* 28 U.S.C. § 1332(c)(1).

14.    Further, in compliance with 28 United States Code section 1441(b), "none of the parties in interest properly joined and served as defendants is a citizen of the State in which [this] action is brought." Pursuant to 28 United States Code section 1441(a), the citizenship of defendants sued under fictitious names shall be disregarded. The inclusion of "Doe" defendants in Plaintiff's state court complaint has no effect on removability. *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998); 28 U.S.C. § 1441 (a) (stating that for purposes of removal, the citizenship of defendants sued under fictitious names shall be disregarded). In determining whether diversity of citizenship exists, only the named defendants are considered. *Id.*

15.    **Amount in Controversy**. While Defendant denies any liability as to Plaintiff's claims, the amount in controversy requirement for diversity jurisdiction is satisfied because "it is more likely than not" that the amount exceeds the jurisdictional minimum of $75,000. 28 U.S.C. § 1332(a)(1); *see Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996) (where a plaintiff's state court complaint does not specify a particular amount of damages, the defendant must provide evidence establishing that it is "more likely than not" that the amount in controversy exceeds the requisite threshold).

16.    Where a complaint does not allege a specific amount in damages, the removing defendant bears the burden of proving by a preponderance of the evidence that the amount in controversy exceeds the statutory minimum. *Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 683 (9th Cir. 2006); *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 701 (9th Cir. 2007). Further, "the amount-in-controversy inquiry in the removal context is not confined to the face of the complaint." *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (finding that a court may consider facts presented in the removal petition).

DEFENDANT LOWE'S HOME CENTERS LLC'S NOTICE OF REMOVAL TO U.S. DISTRICT COURT
67684122v.2

1    When the amount in controversy is not apparent from the face of the complaint, a defendant

2    may set forth underlying facts supporting its assertion that the amount in controversy

3    exceeds the jurisdictional threshold. *Id.*; *see also Gaus v. Miles, Inc.*, 980 F.2d 564, 566-

4    67 (9th Cir. 1992).

5         17.    As the Supreme Court has explained, "a defendant's notice of removal need

6    only include a plausible allegation that the amount in controversy exceeds the jurisdictional

7    threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553-54

8    (2014) ("[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-

9    controversy allegation should be accepted when not contested by the plaintiff or questioned

10   by the court."); *see also Valdez*, 372 F.3d at 1117 ("the parties need not predict the trier of

11   fact's eventual award with one hundred percent accuracy"). Defendant is not obligated to

12   "research, state, and prove the plaintiff's claims for damages." *Behrazfar v. Unisys Corp.*,

13   687 F. Supp. 2d 999, 1004 (C.D. Cal. 2009) (quoting *Korn v. Polo Ralph Lauren Corp.*,

14   536 F. Supp. 2d 1199, 1204-05 (E.D. Cal. 2008)); *Rippee v. Boston Market Corp.*, 408 F.

15   Supp. 2d 982, 986 (S.D. Cal. 2005) (noting that the inquiry is "what is in controversy" by

16   the plaintiff's complaint, not what a defendant will actually owe).

17        18.    In determining whether a complaint meets the $75,000 threshold under 28

18   United States Code section 1332(a), the Court must consider a plaintiff's alleged aggregate

19   general damages, special damages, punitive damages, and attorneys' fees. *See Galt G/S v.*

20   *JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorneys' fees

21   may be included in amount in controversy, regardless of whether such an award is

22   discretionary or mandatory); *Davenport v. Mutual Benefit Health & Accident Ass'n*, 325

23   F.2d 785, 787 (9th Cir. 1963) (punitive damages may be taken into account in determining

24   amount in controversy where recoverable under state law); *Conrad Assocs. v. Hartford*

25   *Accident & Indemnity Co.*, 994 F. Supp. 1196, 1198 (N.D. Cal. 1998) ("amount in

26   controversy" includes claims for general and special damages, including attorneys' fees

27   and punitive damages).

28

DEFENDANT LOWE'S HOME CENTERS LLC'S NOTICE OF REMOVAL TO U.S. DISTRICT COURT
67684122v.2

19.    The calculations supporting the amount in controversy are based on Plaintiff's potential recovery pursuant to the claims alleged in the Complaint, assuming, without any admission, the truth of any of the allegations, and assuming liability (which is disputed) based on Plaintiff's theory of recovery.

20.    **Economic Damages.**    In her Complaint, Plaintiff seeks to recover compensatory and general damages for the alleged discrimination, retaliation, failure to prevent discrimination and retaliation, failure to engage in the interactive process, failure to accommodate, wrongful termination and unlawful business practices.  (Compl., Prayer for Relief, (a) and (b) for each cause of action.)  Plaintiff alleges she worked as a customer service associate for Defendant earning an hourly wage. (Compl ¶ 15.) Plaintiff was terminated on June 19, 2020. (Compl. ¶ 22; Ridley Decl. ¶ 3.).) Prior to her termination, Plaintiff earned a base hourly rate of $15.65 and she worked an average of 40 hours a week.[1]  (Ridley Decl. ¶ 5.)  Conservatively, estimating a December 2021 trial date, and even using Plaintiff's incorrect $13.00 as a base hourly rate, Plaintiff's past lost wages (i.e., back pay) alone would amount to approximately $39,000; i.e. 27 weeks between her separation from Defendant and the filing of the Complaint, and an additional 48 from the filing of the Complaint through trial.

21.    In addition to back pay, a plaintiff who prevails on a claim for wrongful termination or discriminatory discharge of employment may be entitled to either reinstatement or an award of "front pay" in lieu of reinstatement. *See, e.g., Cassino v. Reichhold Chemicals, Inc.*, 817 F.2d 1338, 1346 (9th Cir. 1997) (stating that a court has discretion to award front pay in lieu of reinstatement); *Secru v. Laboratory Corp. of America*, No. 3:09–cv–0619–LRH–RAM, 2009 WL 3755763, at * 2, n.3 (D. Nev. Nov. 9, 2009) (future lost wages alone can satisfy amount in controversy); *James v. Childtime Childcare, Inc.*, No. Civ. S-06-2676 DFL DAD, 2007 WL 1589543, at *2, n.1 (E.D. Cal. June 1, 2007) (while courts evaluate the amount in controversy at the time of removal,

---

[1] Plaintiff inaccurately asserts in her Complaint that at the time of her termination, her base hourly rate was $13.00.  (Compl ¶ 15.)

future lost wages are properly considered in that calculation); *see also Crum v. Circus Circuit Enters.*, 231 F.3d 1129, 1131 (9th Cir. 2000) (future damages are properly considered in determining amount in controversy).

22.    An award of three years' front pay would entitle Plaintiff to more than $87,000 in additional recovery. *See Traxler v. Multnomah Cty.*, 569 F.3d 1007, 1015 (9th Cir. 2010) (upholding district court's decision to award nearly four years' front pay in a wrongful termination suit); *see also Glenn-Davis v. City of Oakland*, No. C 02-2257 SI, 2008 WL 410239, *4 (N.D. Cal. 2008) (finding three years of front pay "appropriate" in a discrimination suit); *Ackerman v. Western Elec. Co., Inc.*, 643 F. Supp. 836, 856 (N.D. Cal. 1986) (same).  Thus, Plaintiff's allegations of lost wages alone exceed $126,000.

23.    **Emotional Distress Damages.**  In addition to compensatory damages, Plaintiff claims emotional distress damages. (Compl. ¶¶ 34, 57, 74, 78.) In *Thompson v. Big Lots Stores, Inc.*, No. 1:16-cv-01464-LJO-JLT, 2017 WL 590261, *4 (E.D. Cal. 2017), the Eastern District of California made clear that "[i]n determining the amount in controversy, a court may assess likely emotional distress damages by reference to damages awards in similar discrimination cases." Applying that rule, the *Thompson* court found the defendant met its burden of showing that damages awards for emotional distress in analogous cases are often substantial, where the defendant pointed to a jury award of $122,000 in emotional distress damages to an employee who sued for pregnancy discrimination and wrongful termination. *Id.*

25.    In fact, such damages may exceed $122,000. A review of jury verdicts in California demonstrates as much. *See, e.g., Silverman v. Stuart F. Cooper Inc.*, No. BC467464, 2013 WL 5820140 (Los Angeles Sup. Ct.) (jury awarded $157,001 for emotional distress damages in discrimination case); *Vasquez v. Los Angeles Cnty. Metro. Transp. Auth.*, No. BC484335, 2013 WL 7852947 (Los Angeles Sup. Ct.) (award of $1,250,000 for pain and suffering to employee in violation of the CFRA and disability discrimination action); *Aboulafia v. GACN Inc.*, No. BC469940, 2013 WL 8115991 (Los Angeles Sup. Ct.) (pain and suffering awards of $250,000, $250,000, $250,000, and

$250,267 to four employees in discrimination action); *Ward v. Cadbury Schweppes Bottling Grp.*, 09CV03279(DMG), 2011 WL 7447633 (C.D. Cal) (jury award $5,600,000 in non-economic damages in discrimination and retaliation case); *Welch v. Ivy Hill Corp.*, No. BC414667, 2011 WL 3293268 (Los Angeles Sup. Ct.) (award of $1,270,000 in pain and suffering to employee in discrimination action); *Leimandt v. Mega RV Corp.*, No. 30-2010-00388086, 2011 WL 2912831 (Orange County Sup. Ct.) (jury awarded $385,000 in pain and suffering to employee in an discrimination case). These awards demonstrate that, for diversity purposes, the value of Plaintiff's alleged emotional distress damages exceeds the $75,000 amount in controversy requirement.

25.     **Attorneys' Fees**. Plaintiff claims statutory entitlement to attorneys' fees. (Compl. ¶¶ 37, 46, 58, 66, 85, Prayer for Relief, First Cause of Action, (c), Second Cause of Action, (c), Third Cause of Action, (e), Fourth Cause of Action, (c), Fifth Cause of Action, (c), Seventh Cause of Action, (c), and Eighth Cause of Action, (c).) Attorneys' fees are properly considered in calculating the amount-in-controversy for purposes of removal on grounds of diversity jurisdiction. *Galt*, 142 F.3d at 1156 (claims for statutory attorneys' fees to be included in amount in controversy, regardless of whether such an award is discretionary or mandatory). Under California Government Code section 12965, the court in its discretion may award fees and costs to the "prevailing party" in FEHA actions. Although the statute provides that the court "may" award fees, cases hold that a prevailing plaintiff is entitled to fees "absent circumstances that would render the award unjust." *Horsford v. Bd. of Trs. of Cal. State Univ.*, 132 Cal. App. 4th 359, 394 (2005). Here, Plaintiff asserts five FEHA claims against Defendant in the Complaint. (Compl. First through Fifth Causes of Action.)

26.     The amount of attorneys' fees for purposes of amount in controversy calculations is the expected reasonable attorneys' fees **through trial**. *Fritsch v. Swift Transp.*, 899 F. 3d 785, 794 (9th Cir. 2018) ("a court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met."). Defendant anticipates that the Parties will propound and respond to

9

written discovery, that depositions will be taken in this case, and that Defendant will file a Motion for Summary Judgment. (Elson Dec. ¶ 4.) Here, if Plaintiff prevails, she could be entitled to an award of attorneys' fees that alone is "more likely than not" to exceed $75,000, as is typical in discrimination and retaliation cases. Indeed, courts have awarded attorneys' fees in excess of $75,000 in cases involving discrimination. *See, e.g., Crawford v. DIRECTV, Inc.*, No. BC417507, 2010 WL 5383296 (Los Angeles County Sup. Ct.) (approving attorneys' fee award of $159,762.50 in alleged discrimination action); *Davis v. Robert Bosch Tool Corp.*, No. B185408, 2007 WL 2014301, *9 (Cal. Ct. App. 2d Dist. July 13, 2007) (individual plaintiff sought $1.6 million in fees); *Denenberg v. Cal. Dep't of Transp.*, No. GIC836582, 2006 WL 5305734 (San Diego County Sup. Ct.) (attorneys' fees award of $490,000 for claims in a discrimination case).

27. **Punitive Damages**. Plaintiff also seeks punitive damages in the Complaint. (Compl., ¶¶38, 46, 60, 66, 75, and Prayer for Relief, First Cause of Action, (e), Second Cause of Action, (f), Third Cause of Action, (f), Fourth Cause of Action, (f), Fifth Cause of Action, (f), and Seventh Cause of Action, (d).) The Court must consider Plaintiff's request for punitive damages in determining the amount in controversy. *Davenport v. Mutual Benefit Health and Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963) (punitive damages must be taken into account where recoverable under state law). "Because plaintiff brings a claim under FEHA, and '[p]unitive damages are recoverable for FEHA violations,' punitive damages may be included in the amount in controversy here." *Thompson*, 2017 WL 590261 at *4.

28. Courts have affirmed jury verdicts exceeding $1 million in punitive damages in alleged discrimination cases. *See, e.g., Juarez v. Autozone Stores, Inc.*, No. 08cv417–L (BLM), 2011 WL 1532070 (S.D. Cal., November 18, 2014) ($185 million verdict for plaintiff in pregnancy discrimination case); *see also Roby v. McKesson Corp.*, 47 Cal. 4th 686 (2009) (holding that a punitive damage award of $1.9 million equal to the compensatory damage award was appropriate in disability case).

29.    In sum, Plaintiff's aggregated recovery on her claims, including lost wages, emotional distress damages, attorneys' fees, and punitive damages, satisfies the $75,000 jurisdictional threshold. While Defendant denies any liability as to Plaintiff's claims, it is "more likely than not" that the amount in controversy in this action exceeds $75,000, exclusive of interest and costs, as required by 28 United States Code section 1332(a).

30.    Because diversity of citizenship exists between Plaintiff and Defendant, and the amount in controversy between the Parties exceeds $75,000, this Court has original jurisdiction of the action pursuant to 28 United States Code section 1332(a)(1), and removal is proper.

## IV.    VENUE

31.    Venue lies in the United States District Court for the Central District of California, pursuant to 28 United States Code sections 84(c)(2), 1441, and 1446(a) because this action originally was brought in the Superior Court of the State of California, County of Orange. In addition, the action arose in the County of Orange because the store where Plaintiff worked is in Huntington Beach, California.  (Riley Decl. ¶ 3.)  Therefore, venue is proper because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

## V.    NOTICE OF REMOVAL TO PLAINTIFF AND THE SUPERIOR COURT

32.    Pursuant to 28 United States Code section 1446(d), written notice of the filing of this Notice of Removal will be promptly served on Plaintiff and filed with the Clerk of the Superior Court of the State of California, County of Orange.

## VI.    PRAYER FOR REMOVAL

33.    Wherefore, Defendant prays that this civil action be removed from the Superior Court of the State of California, County of Orange to the United States District Court for the Central District of California.

DEFENDANT LOWE'S HOME CENTERS LLC'S NOTICE OF REMOVAL TO U.S. DISTRICT COURT
67684122v.2

1    DATED:  February 5, 2021                 SEYFARTH SHAW LLP

2

3                                          By:

4                                               Jamie C. Pollaci
                                                Orly Z. Elson
5                                               Attorneys for Defendant
                                                LOWE'S HOME CENTERS, LLC

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 1

Electronically Filed by Superior Court of California, County of Orange, 01/04/2021 10:47:00 AM.
·30-2020-01176663-CU-WT-NJC - ROA # 7 - DAVID H. YAMASAKI, Clerk of the Court By Katie Trent, Deputy Clerk.

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

<div style="border:1px solid;">FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)*</div>

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
Lowes' Home Centers, LLC., a California Limited Liability Company; and DOES 1 through 10, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Maria Alejandra Vigil, an individual,

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is: *(El nombre y dirección de la corte es):* ~~Orange County Superior Court North Justice Center K.T.~~
West, Santa Ana, CA 92701
Orange County Superior Court
North Justice Center
1275 North Berkeley Avenue
Fullerton, CA 92832

CASE NUMBER: *(Número del Caso):*
30-2020-01176663-CU-WT-NJC
Judge Craig Griffin

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Maya L. Serkova , Esq., 765 The City Drive, Suite 355, Orange, CA 92868, 714-703-1300

DATE: 01/04/2021 DAVID H. YAMASAKI, Clerk of the Court   Clerk, by _Katie Trent_ , Deputy
*(Fecha)*   *(Secretario)*   Katie Trent   *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*



**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Lowes' Home Centers, LLC., a California Limited Liability Company
   under: ☐ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
   ☒ other *(specify):* Corporation Code 17061
4. ☐ by personal delivery on *(date)*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

Case 8:21-cv-00240-DOC-JDE   Document 1   Filed 02/05/21   Page 15 of 44   Page ID
Electronically Filed by Superior Court of California, County of Orange, 12/30/2020 04:35:51 PM.
·30-2020-01176663-CU-WT-NJC - ROA # 2 - DAVID H. YAMASAKI, Clerk of the Court By Katie Trent, Deputy Clerk.

Dimuth C. Amaratunge, Esq. (State Bar No. 237158)
da@serendiblaw.com
Maya L. Serkova, Esq. (State Bar No. 307025)
mserkova@serendiblaw.com
SERENDIB LAW FIRM, APC
765 The City Drive, Suite 355
Orange, California 92868
Phone:      714-703-1300
Fax:        714-703-1304
Attorneys for Plaintiff Maria Alejandra Vigil

SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE

| | |
|---|---|
| Maria Alejandra Vigil, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>Lowes' Home Centers, LLC., a California Limited Liability Company; and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO.   30-2020-01176663-CU-WT-NJC<br><br>**COMPLAINT**<br><br>**Assigned for All Purposes To:**<br>Judge Craig Griffin.<br>Dept.:<br><br>1.  **Disability Discrimination;**<br>2.  **Failure to Engage in the Interactive Process;**<br>3.  **Failure to Accommodate;**<br>4.  **Failure to prevent Discrimination and Retaliation;**<br>5.  **Retaliation**<br>6.  **Wrongful Termination in Violation of Public Policy;**<br>7.  **Intentional Infliction of Emotional Distress**<br>8.  **Unlawful competition and unlawful business practices**<br><br>**DEMAND FOR JURY TRIAL** |

-1-

1    COMES NOW Plaintiff Maria Alejandra Vigil (hereinafter "Ms. Vigil" or "Plaintiff")

2    and for her causes of action against Defendant Lowes' Home Centers, LLC., ("Defendant"),

3    and DOES 1 through 10, inclusive alleges as follows:

4        1.    The allegations in this Complaint, stated on information and belief, have

5    evidentiary support or are likely to have evidentiary support after reasonable opportunity for

6    further investigation and discovery.

7        2.    This action is brought by Plaintiff against Defendant, Lowes' Home Centers,

8    LLC., a California Corporation; and DOES 1 through 10, inclusive allege as follows, and

9    each of them for damages sustained by Plaintiff based on Defendant's wrongful action as

10    alleged herein.

11    **THE PARTIES**

12        3.    Plaintiff is an individual and resident of the city of Santa Ana, California.

13        4.    Defendant, Lowes' Home Centers, LLC., is a California Limited Liability,

14    authorized to do and is doing business in Huntington Beach, Orange County, the State of

15    California and at all times mentioned herein, is an employer whose employees were and are

16    engaged in employment throughout Orange County.

17        5.    That the true names and capacities, whether individual, corporate, associate or

18    otherwise of each of the Defendants designated herein as a DOE are unknown to Plaintiffs at

19    this time, who therefore, sue said Defendants by fictitious names, and will ask leave of this

20    Court for permission to amend this Complaint to show their names and capacities when the

21    same have been ascertained. Plaintiff is informed and believes and thereon alleges that each

22    of the Defendants designated as a DOE is legally responsible in some manner for the events

23    and happenings herein referred to, and caused injuries and damages thereby to Plaintiff as

24    alleged herein.

25        6.    Unless otherwise individually referred to, whenever, in this Complaint, reference

26    is made to "Defendants," such reference shall refer to all Defendants including DOE

27    Defendants, collectively.

28

-2-

COMPLAINT

1    7.    Plaintiff, on information and belief and based upon such basis, allege that at all
2    times herein mentioned, each Defendant was acting as the agent, servant, employee of each
3    of the other Defendants, within the scope of said agency and employment.

4    8.    That during the times and places of the incident in question, Defendant, and each
5    of them, their agents, servants and employees became liable to Plaintiff for the reasons
6    described in the complaint herein, and thereby proximately caused Plaintiff to sustain
7    damages as set forth herein.

8    9.    Plaintiff is informed and believes and based upon such basis, alleges that all
9    Defendants carried out a joint scheme, business plan or policy in all respects pertinent hereto
10   and all acts and omissions herein complained of were performed within the course and scope
11   of said employment, service, agency, common scheme, plan and/or policy.

12   10.    Plaintiff, is informed and believes and based upon such basis, alleges that
13   Defendants' founders, owners, shareholders, executive officers, managers, and supervisors
14   directed, authorized, ratified and/or participated in the conduct that gives rise to the claims
15   asserted herein and derived personal financial benefit from such conduct at the expense of
16   Plaintiff.

17   11.    Plaintiff has exhausted Plaintiff's administrative remedies with respect to the
18   named defendant. True and correct copies of Plaintiff's administrative complaints to, and
19   Right-To-Sue Notice(s) from, the California Department of Fair Employment And Housing
20   are attached herein as Exhibit "One" and incorporated by this reference in this complaint as
21   though set forth in full.

22   **JURISDICTION AND VENUE**

23   12.    Pursuant to Code of Civil Procedure § 410.10, this Court has jurisdiction over
24   Defendants because each Defendant is a person or business entity that is a resident and/or
25   business entity that is established, incorporated and/or has sufficient minimum contacts with
26   the State of California so far as to render exercise of jurisdiction over Defendants consistent
27   with traditional notions of fair play and substantial justice. Further, damages exceed the
28   jurisdictional minimum of this Court.

-3-

1      13.   Venue is proper in this Court, pursuant to Code of Civil Procedure § 395.5,

2   because Defendants' obligations and liabilities to Plaintiffs arose in the County of Orange,

3   California.

4      14.   Plaintiff has exhausted Plaintiff's administrative remedies with respect to the

5   named defendant.

6   **FACTUAL ALLEGATIONS:**

7      15.   Plaintiff is informed and believes and based upon such basis, alleges that Defendant

8   owns, operates, and maintains Lowe's Home Centers, LLC located at 8175 Warner Avenue,

9   Huntington Beach, CA 92647. Ms. Vigil worked for Defendant as a Customer Service

10   Associate for over twenty-one (21) years from November 12, 1998 until date of termination

11   on June 19, 2020. Ms. Vigil's work schedule consisted of varied days throughout the week,

12   typically Friday through Tuesday with recent scheduled work hours being 10:00 a.m. to 7:00

13   p.m. and compensation of $13.00 per hour.

14      16.   Plaintiff is informed and believes and based upon such basis, alleges that around

15   January 17, 2020, as Ms. Vigil worked her scheduled shift and lifted a heavy bin overhead to

16   place it on a shelf, she immediately felt a sharp pain shoot through her upper right arm and

17   neck. Since Ms. Vigil neared the end of her shift, she decided to go home and rest, in hopes

18   that the pain would be alleviated on its own. The following two days, on or around January

19   18, 2020 and January 19, 2020 were Ms. Vigil's scheduled days off. Ms. Vigil self-medicated

20   with Ibuprofen in hopes to alleviate the pain. On Ms. Vigil's next scheduled work day to

21   return, January 20, 2020, due to the lingering pain in her arm and upper back, Ms. Vigil called

22   into Lowe's management office and spoke to Assistant Manager, Brian Parker to inform of

23   the work-related injury she believed to have suffered on January 17, 2020. Ms. Vigil had no

24   option but to request the day off on January 20, 2020 to seek treatment. Ms. Vigil initially

25   refrained from reporting her work-related injury due to being unaware of the seriousness of

26   the extent of her injury.

27      17.   Plaintiff is informed and believes and based upon such basis, alleges that the same

28   day, Ms. Vigil checked into Kaiser Permanente located at 3401 South Harbor Blvd., Santa

-4-

COMPLAINT

1   Ana, CA 92704. Physician Michael Joseph Gruba, M.D. treated Ms. Vigil for her work-
2   related injury. Dr. Gruba diagnosed Ms. Vigil with; "Upper back pain, Cervical Myofascial
3   Pain Syndrome, Right Rotator Cuff Syndrome, Right Trapezius Strain, Right arm Paresthesia,
4   and Right Lateral Epicondylitis." Dr. Gruba also requested Ms. Vigil attend physical therapy
5   two to three (2-3) times a week. Additionally, Dr. Gruba placed Ms. Vigil on modified work
6   activity to include: no reaching above shoulder at all with right hand, no forceful or grasping
7   with the right arm, no lifting, pushing, pulling, carrying with right hand more than ten (10)
8   pounds at waist height and no lifting, pushing, carrying or pulling with right arm at all
9   effective from January 2020 until February, 10, 2020. Upon return to work, Ms. Vigil gave
10  Marisela, assistant in Human Resources, her doctor's note with restrictions.

11      18.    Plaintiff is informed and believes and based upon such basis, alleges that upon
12  follow up at Kaiser Permanente on February 10, 2020, physician Dr. Gruba treated Ms. Vigil.
13  Due to Ms. Vigil's work-related injury showing no improvement, Dr. Gruba extended her
14  work modification until March 9, 2020. Work restrictions included: no reaching above the
15  right shoulder at all, no strong grasping with right hand, no lift/carry/push/pull with right
16  hand more than ten (10) pounds at waist height and no lift/carry/push/pull with right arm.
17  With physical therapy Ms. Vigil's arm gradually showed improvement and she continued to
18  provide Marisela with her updated doctor's note with work modifications upon return.

19      19.    Plaintiff is informed and believes and based upon such basis, alleges that
20  subsequently, on or around March 9, 2020, Ms. Vigil returned for her follow up at Kaiser
21  Permanente. Dr. Gruba modified Ms. Vigil's restrictions to include: "Reach above right
22  shoulder: Occasionally (up to 25%), no strong grasping with right hand, no
23  lift/carry/push/pull with right hand more than ten (20) pounds at waist height and no
24  lift/carry/push/pull with right arm. These updated work modifications were effective until
25  April 6, 2020. Around April 2020, Ms. Vigil recalls a specific incident where customer
26  service employees were asked to promote Lowe's credit card program. Employees were given
27  a bead necklace to stand out amongst other employees who were not participating in the
28  advertisement. Store manager Scott Kossier approached employee Kristine Gowetor and

-5-
COMPLAINT

1   inquired if she already had a bead necklace. Ms. Gowetor replied she did and Mr. Kossier
2   proceeded to give Ms. Gowetor a second bead necklace, announcing, 'It's for all the hard
3   work you're doing.' Subsequently, Mr. Kossier approached Ms. Vigil who had stood nearby
4   and heard the entire ordeal, to ask the same question. Before giving Ms. Vigil a chance to
5   respond, Mr. Kossier pointed out Ms. Vigil already had a bead necklace and walked away,
6   completely dismissing Ms. Vigil's hard work.

7   20.   Plaintiff is informed and believes and based upon such basis, alleges that her
8   condition continued to improve and after a follow up visit with Dr. Gruba, he modified her
9   work restrictions to include: "Reach above right shoulder: Occasionally (up to 25%),
10  lift/carry/push/pull with right hand no more than thirty-five (35) pounds at waist height and
11  lift/carry/push/pull with right arm above waist height no more than ten (10) pounds." Dr.
12  Guba extended Ms. Vigil's work restrictions until May 29, 2020.

13  21.   Plaintiff is informed and believes and based upon such basis, alleges that on or
14  around the beginning of June 2020, Ms. Vigil took notice in a customer who came into the
15  store to make a return. The customer returned an air conditioning unit and Ms. Vigil saw the
16  customer leave without paying for merchandise, (wall grinder). Ms. Vigil caught up with the
17  customer in the parking lot to inform him that he left the store without paying. The customer
18  proceeded to return the merchandise to Ms. Vigil. During the incident, store manager Miguel
19  Olivero interrupted and reached for the merchandise Ms. Vigil had removed from the
20  customer, only to give it back to the customer. Mr. Olivero walked back to the store with Ms.
21  Vigil and advised she should not go after customers who steal. Ms. Vigil agreed with Mr.
22  Olivero and he assured her, "don't worry about it."

23  22.   Plaintiff is informed and believes and based upon such basis, alleges that around
24  June 19, 2020. after Ms. Vigil returned from lunch on her scheduled shift, Sarah, head
25  cashier, stated to Ms. Vigil, Mr. Olivero requested she come into his office. Mr. Olivero
26  terminated Ms. Vigil on the pretext it was due to her preventing the theft from (3) weeks
27  prior. Ms. Vigil received no warnings or write-ups prior to termination due to the incident.
28  Rather, on the day of the incident, Ms. Olivero had reassured Ms. Vigil 'not to worry about

-6-

COMPLAINT

1  it.'

2      23.    Plaintiff is informed and believes and based upon such basis, alleges that having

3  been with Defendant for (21) years, Ms. Vigil has been unaware of any other similar incidents

4  where other associates were terminated for preventing a customer from stealing. For example,

5  Pia Perez, detained a customer from stealing and was only given a write-up. Additionally, Ms.

6  Vigil recalls Sarah once prohibiting a customer from stealing and being let off with a warning.

7  <div align="center">

**FIRST CAUSE OF ACTION**

8  **Disability Discrimination**

9  *(By Plaintiff against all Defendants)*
</div>

10      24.    Plaintiff Vigil re-alleges and incorporates by reference, as though fully set forth

11  herein, the paragraphs previously alleged in this Complaint.

12      25.    *California Government Code* § 12940(a) provides, "It is an unlawful employment

13  practice for an employer, because of the race, religious creed, color, national origin,

14  ancestry, physical disability, mental disability, medical condition, genetic information,

15  marital status, sex, gender, gender identity, gender expression, age, sexual orientation, or

16  military and veteran status of any person, to refuse to hire or employ the person or to refuse

17  to select the person for a training program leading to employment, or to bar or to discharge

18  the person from employment or from a training program leading to employment, or to

19  discriminate against the person in compensation or in terms, conditions, or privileges of

20  employment." The California Fair Employment and Housing Act, codified in Government

21  Code § 12900 (a) et seq. ("FEHA"), makes it unlawful for an employer to discriminate

22  against an employee on the basis of the employee's disability or perceived disability.

23      26.    At all times herein set forth, *California Government Code* § 12926(d) provides,

24  "employer' includes any person regularly employing five or more persons, or any person

25  acting as an agent of an employer, directly or indirectly, the state or any political or civil

26  subdivision of the state, and cities . . ."

27      27.    At all times relevant herein Defendant was an employer who employed five (5)

28  or more employees, and was bound by FEHA.

<div align="center">-7-

COMPLAINT</div>

28.     Plaintiff was an employee of Defendant.

29.     Defendant was aware that Plaintiff had a work-related injury and therefore was placed on restrictions by her treating doctor.

30.     Plaintiff was able to perform the essential functions of her job.

31.     Plaintiff's disability and/or perceived disability was a motivating reason for Defendant's decision to terminate her employment, in violation of Government Code section 12940, subdivision (a).

32.     To establish a prima facie case of disability discrimination under the FEHA, a plaintiff must show (1) he suffered from a disability, (2) he could perform the essential duties of his job with or without reasonable accommodation, and (3) he [*40] was subjected to adverse employment action because of his disability. McInteer v. Ashley Distrib. Servs., Ltd., 40 F. Supp. 3d 1269, 2014 U.S. Dist. LEXIS 115669, 2014 WL 4105262, at *8 (C.D. Cal. Aug. 19, 2014) (citing Sandell v. Taylor-Listug, Inc., 188 Cal. App. 4th 297, 310, 115 Cal. Rptr. 3d 453 (2010)). "Numerous courts note that '[t]he prima facie burden is light; the evidence necessary to sustain the burden is minimal.' "2014 U.S. Dist. LEXIS 115669, [WL] at *9 (quoting Sandell, 188 Cal. App. 4th at 310) Lavin.

33.     Ms. Vigil will easily prove the elements of prima facie of disability discrimination under the FEHA. Specifically, first element is satisfied because Ms. Vigil suffered work-related injuries as described above. Second element is satisfied because Ms. Vigil was able to perform all the duties of her job with specified work accommodations. Lastly, the third element is satisfied because Defendant terminated Ms. Vigil because of her requested work restrictions on a pretext reason for detaining the customer.

34.     As a proximate result of Plaintiff's wrongful termination of her employment, Plaintiff has suffered and continues to sustain substantial losses in earnings, humiliation, emotional distress, mental and physical pain and anguish and other employment benefits in an amount according to proof at trial.

35.     In doing the acts herein alleged, Defendant acted with oppression, malice, and in conscious disregard of Plaintiff's rights and is liable for exemplary damages in an amount

-8-

COMPLAINT

according to proof at trial. Malice, oppression, and conscious disregard is evidenced by Defendant's termination of Plaintiff shortly after she submitted an updated doctor's note with restrictions extended until May 29, 2020. Defendant shown complete lack of compassion and lack of understanding by terminating Plaintiff rather continuing to accommodate Plaintiff so she could work with set restrictions.

36.     Civ.Code, § 3294, subd. (c)(1) defines "malice" as "conduct which is intended by the defendant to cause injury to the plaintiff or despicable conduct which is carried on by the defendant with a willful and conscious disregard of the rights or safety of others" and "oppression" as "despicable conduct that subjects a person to cruel and unjust hardship in conscious disregard of that person's rights."

37.     Plaintiff has also incurred and continues to incur attorneys' fees and legal expenses in an amount according to proof at trial.

38.     Plaintiff alleges that as a direct and proximate result of Defendants wrongful conduct, Plaintiff is entitled to damages in an amount according to proof at trial and punitive damages in an amount sufficient to deter and punish Defendant from the aforementioned conduct. Plaintiff alleges that she is also entitled to attorney's fees and costs of the suit pursuant to the applicable statute.

## SECOND CAUSE OF ACTION

### Violation of California Government Code § 12940 (n) – Failure to Engage in the Interactive Process

*(By Plaintiff against all Defendants)*

39.     Plaintiff re-alleges and incorporates by reference, as if fully set forth herein, the paragraphs previously alleged in this Complaint.

40.     At all times herein set forth, *California Government Code* § 12926(d) provides, "employer" includes any person regularly employing five or more persons, or any person acting as an agent of an employer, directly or indirectly, the state or any political or civil subdivision of the state, and cities..."

-9-

COMPLAINT

41.     At all times relevant herein Defendant was an employer who employed five (5) or more employees, and was bound by FEHA.

42.     Plaintiff was an employee of Defendant.

43.     Pursuant to California Government Code Section 12940(n), it is an unlawful employment practice for an employer or other entity covered by this part to fail to engage in a timely, good faith, interactive process with the employee or applicant to determine effective reasonable accommodations, if any, in response to a request for reasonable accommodation by an employee or applicant with a known physical or mental disability or known medical condition.

44.     Under the California Fair Employment and Housing Act (FEHA; Gov. Code, § 12900 et seq.), an employer must engage in a good faith interactive process with the disabled employee to explore the alternatives to accommodate the disability. (Gov. Code, § 12940, subd. (n)). An employee may file a civil action based on the employer's failure to engage in the interactive process. Failure to engage in this process is a separate FEHA violation independent from an employer's failure to provide a reasonable disability accommodation, which is also a FEHA violation (Gov. Code, § 12940, subd. (m)). An employer may claim there were no available reasonable accommodations. But if it did not engage in a good faith interactive process, it cannot be known whether an alternate job would have been found. The interactive process determines which accommodations are required. Indeed, the interactive process could reveal solutions that neither party envisioned. Wysinger v. Automobile Club of Southern California (2007) 157 Cal.App.4th 413, 414-415.

45.     Here, Ms. Vigil was not provided reasonable disability accommodations. Defendant failed to engage in a timely, good faith, interactive process with Ms. Vigil to determine effective, reasonable accommodations for Ms. Vigil's work-related disability. Defendant did not have the intent to engage in interactive process because as Ms. Vigil's disability work modifications only slightly improved, Defendant terminated her employment. This conduct shows that Defendant had no intention to accommodate Ms. Vigil, and therefore, terminated Ms. Vigil around June 19, 2020. This violated Govt. Code §

1   12940, including subsection (n).

2        46.     Plaintiff alleges that as a direct and proximate result of Defendants wrongful
3   conduct Plaintiff is entitled to damages in an amount according to proof at trail of punitive
4   damages in an amount sufficient to deter and punish. Defendant from the aforementioned
5   conduct. Plaintiff alleges that she is also entitled to attorney's fees and costs of the suit
6   pursuant to the applicable statue.

7                              **THIRD CAUSE OF ACTION**

8        **Violation of California Government Code § 12940 (m) – Failure to Accommodate**

9                          *(By Plaintiff against all Defendants)*

10       47.     Plaintiff re-alleges and incorporates by reference, as though fully set forth herein,
11   the paragraphs previously alleged in this Complaint.

12       48.     At all times herein set forth, *California Government Code* § 12926(d) provides,
13   "employer' includes any person regularly employing five or more persons, or any person
14   acting as an agent of an employer, directly or indirectly, the state or any political or civil
15   subdivision of the state, and cities . . ."

16       49.     At all times relevant herein Defendant was an employer who employed five (5)
17   or more employees, and was bound by FEHA.

18       50.     Plaintiff was an employee of Defendant.

19       51.     Pursuant to California Government Code § 12940 (m), it is unlawful for an
20   employer or other entity covered by this part to fail to make reasonable accommodation for
21   the known physical or mental disability of an applicant or employee.

22       52.     The elements of a failure to accommodate claim are (1) the plaintiff has a
23   disability under the FEHA. (2) the plaintiff is qualified to perform the essential functions of
24   the position, and (3) the employer failed to reasonably accommodate the plaintiff's
25   disability." Scotch v. Art Inst. of Cal. Orange Cnty., Inc., 173 Cal. App. 4th 986, 1009. 93
26   Cal. Rptr. 3d 338 (2009). Pursuant to section 12940(n), an employer is required "to engage in
27   a timely, good faith, interactive process with the employee . . . with a known physical . . .
28   disability or known medical condition." Cal. Gov't Code § 12940(n). "The 'interactive

-11-

1  process' required by the FEHA is an informal process with the employee or the employee's

2  representative, to attempt to identify a reasonable accommodation that will enable the

3  employee to perform the job effectively." Scotch, 173 Cal. App. 4th at 1013

4      53.     Here, Ms. Vigil will easily prove that her employer failed to further provide

5  accommodations for her work-related disability. Specifically, first element is satisfied

6  because Ms. Vigil regularly updated Defendant about work restriction. Second element is

7  satisfied because Ms. Vigil was able to perform the essential duties of her job with

8  modifications. Lastly, third element is satisfied because instead of further providing

9  reasonable accommodations for Ms. Vigil's work-related disability, Defendant terminated

10 Ms. Vigil under the pretext that it was due to her preventing a thief from stealing

11 merchandise. Therefore, Defendant's conduct violated Govt. Code § 12940.

12     54.     Defendants' wrongful conduct proximately caused Plaintiff to suffer general,

13 special and statutory damages in an amount to be proven at trial.

14     55.     Plaintiff was harmed because she lost her employment, her source of income.

15 Because Plaintiff's medical disability was the substantial factor in Defendant's decision to

16 terminate her, it was a substantial factor in causing her harm. Therefore, Defendant's

17 conduct violated Govt. Code § 12940 subsection (m).

18     56.     Plaintiff alleges that as a direct and proximate result of Defendants wrongful conduct,

19 Plaintiff is entitled to damages in an amount according to proof at trial and punitive damages in an

20 amount sufficient to deter and punish Defendant and each of them. Plaintiff alleges that she is also

21 entitled to attorney's fees and costs of the suit pursuant to the applicable statute.

22     57.     As a proximate result of Plaintiff's wrongful termination of her employment,

23 Plaintiff has suffered and continues to sustain substantial losses in earnings, humiliation,

24 emotional distress, mental and physical pain and anguish and other employment benefits in

25 an amount according to proof at trial.

26     58.     Plaintiff has also incurred and continues to incur attorneys' fees and legal

27 expenses in an amount according to proof at trial.

28

-12-

59. Plaintiff alleges that the reason for her termination was her work-related injury and subsequent work restrictions that Defendant no longer wanted to accommodate.

60. Plaintiff alleges that as a direct and proximate result of Defendants wrongful conduct, Plaintiff is entitled to damages in an amount according to proof at trial and punitive damages in an amount sufficient to deter and punish Defendant from the aforementioned conduct. Plaintiff alleges that she is also entitled to attorney's fees and costs of the suit pursuant to the applicable statute.

## FOURTH CAUSE OF ACTION

### Retaliation

*(By Plaintiff against all Defendants)*

61. Plaintiff re-alleges and incorporates by reference, as though fully set forth herein, the paragraphs previously alleged in this Complaint.

62. *California Government Code* § 12940(h) provides, "it is an unlawful employment practice, unless based upon a bona fide occupational qualification, or, except where based upon applicable security regulations established by the United States or the State of California for any employer, labor organization, employment agency, or person to discharge, expel, or otherwise discriminate against any person because the person has opposed any practices forbidden under this part or because the person has filed a complaint, testified, or assisted in any proceeding under this part."

63. To establish a prima facie case [of retaliation], plaintiff must show that: 1. Plaintiff engaged in a protected activity; 2. The employer subjected plaintiff to an adverse employment action; and 3. A causal link exists between the protected activity and the employer's action. *Passantino v. Johnson & Johnson Consumer Products, Inc.* (9th Cir. 2000) 212 F3d 493, 506; *Yanowitz v. L'Oreal USA, Inc.* (2005) 36 Cal. 4th 1028, 1044; Lewis v. City of Benicia (2014) 224 Cal. 4th 1519, 1533. Further, "the retaliatory motive is 'proved by showing that plaintiff engaged in protected activities, that her employer was aware of the protected activities, and that the adverse action followed within a relatively short time thereafter.'... 'The causal link may be established by an inference derived from

-13-

circumstantial evidence, "such as the employer's knowledge that the [employee] engaged in protected activities and the proximity in time between the protected action and allegedly retaliatory employment decision." "*Fisher v. San Pedro Peninsula Hospital* (1989) 214 Cal.App.3d 590, 615, internal citations omitted.)

64.     Plaintiff is informed and believes, and based upon that information and belief alleges, that Plaintiff will easily prove the prima facie case of retaliation in violation of *California Government Code* § 12940(h). Here, Plaintiff will easily prove the prima facie case of retaliation in violation of *California Government Code* § 12940(h). ). Specifically, first element is satisfied because Ms. Vigil engaged in protected activity by requesting accommodation of her injury. Second element is satisfied because Defendant retaliated against Ms. Vigil and terminated her employment on June 19, 2020 on the pretext it was due to her preventing theft at Defendant's location. Lastly, Ms. Vigil will easily satisfy the third element because the causal link exists between Ms. Vigil's work-related injury and Defendant's retaliatory conduct. Therefore, Ms. Vigil will prove her prima facie case of retaliation in violation of *California Government Code* § 12940(a) without difficulty.

65.     In doing the acts herein alleged, Defendant acted with oppression, malice, and in conscious disregard of Plaintiff's rights and is liable for exemplary damages in an amount according to proof at trial. Malice, oppression, and conscious disregard is evidenced by Defendant's complete lack of compassion and lack of understanding when Plaintiff asked Defendant for accommodation. Instead of accommodating Plaintiff's condition, Plaintiff was terminated.

66.     Plaintiff alleges that as a direct and proximate result of Defendants wrongful conduct, Plaintiff is entitled to damages in an amount according to proof at trial and punitive damages in an amount sufficient to deter and punish Defendant from the aforementioned conduct. Plaintiff alleges that she is also entitled to attorney's fees and costs of the suit pursuant to the applicable statute.

///

///

-14-

COMPLAINT

## FIFTH CAUSE OF ACTION

### Failure to Prevent Discrimination and Retaliation

*(By Plaintiff against all Defendants)*

67.    Plaintiff re-alleges and incorporates by reference, as if fully stated herein, the material allegations set out in previous paragraphs in this Complaint.

68.    Employers in California have an affirmative and mandatory duty to prevent discrimination and retaliation in the workplace. (Cal. Gov. Code §12940(k); *Northrop Grumman Corp. v. Workers' Comp. Appeals Bd.* (2002) 103 Cal.App.4th 1021, 1035.).

69.    Since Plaintiff will be able to prove her claims for retaliation, she will be able to show Defendant failed to meet its affirmative and mandatory duty to prevent retaliation and discrimination from occurring in the workplace.

## SIXTH CAUSE OF ACTION

### Wrongful Termination in Violation of Public Policy

*(By Plaintiff against all Defendants)*

70.    Plaintiff re-alleges and incorporates by reference, as if fully stated herein, the material allegations set out in previous paragraphs in this Complaint.

71.    The elements of a wrongful discharge in violation of public policy are: (1) an employer-employee relationship; (2) termination or other adverse employment action; (3) the termination of the plaintiff's employment was in violation of public policy; (4) the termination was a legal cause of the plaintiff's damages; and (5) damages. Gardner v. Fed. Express Corp., 114 F. Supp. 3d 889.

72.    "Public policy" has been defined broadly to mean "that principle of law which holds that no citizen can lawfully do that which has a tendency to be injurious to the public or against the public good" Petermann v. International Brotherhood of Teamsters (1959) 174 Cal. App. 2d 184, 188. An employer discharging an employee's employment based in retaliation for engaging in protected activity is a violation of Public Policy.

73.    As a direct, foreseeable, and proximate result of Defendant's conduct, as

-15-

alleged above. Plaintiff suffered lost income, employment, and career opportunities, and has suffered and continue to suffer other economic loss, the precise amount of which will be proven at trial.

74.    As a direct, foreseeable and proximate result of Defendants' conduct, as alleged above, Plaintiff has suffered and continues to suffer great anxiety, embarrassment, anger, loss of enjoyment of life, and emotional distress, the precise amount of which will be proven at trial.

75.    The conduct which Plaintiff complains of in this complaint, and which is alleged above, was carried out by the Defendants willfully, intentionally, and with oppression, malice and fraud and was carried out with conscious disregard of Plaintiff's rights and as such Plaintiff is entitled to an award of exemplary damages according to proof. The aforementioned conduct on which punitive damages are alleged, as described hereinabove, was done with the advance knowledge by an officer, director and/or managing agent because Plaintiff complained about the alleged discrimination multiple times to Defendants yet Defendants failed to rectify the problem.    The aforementioned conduct on which punitive damages are alleged, as described hereinabove, was authorized, ratified and/or committed by an officer, director, and/or managing agent of Defendants.

76.    As further direct, legal and proximate result of Defendants' conduct, Plaintiff is caused to and did employ the services of counsel to prosecute this action, and are accordingly entitled to an award of attorneys' fees and costs according to proof.

## SEVENTH CAUSE OF ACTION

### Intentional Infliction of Emotional Distress

*(By Plaintiff against all Defendants)*

77.    Plaintiff re-alleges and incorporates by reference, as though fully set forth herein the paragraphs previously alleged in this Complaint.

78.    In carrying out the above conduct, Defendants, and their employees and agents, breached the duty owed to Plaintiff to provide a workplace free from discrimination and abused their positions of authority towards Plaintiff. Said conduct exceeded the inherent

risks of employment and was not the sort of conduct normally expected to occur in the workplace Defendants, and their employees and agents knew, or should have known that the above conduct would cause Ms. Vigil serious emotional distress. As a proximate result of Defendants' negligent conduct, Ms. Vigil suffered and will continue to suffer extreme humiliation, embarrassment, anxiety, mental anguish, and emotional distress in an amount according to proof.

## EIGHTH CAUSE OF ACTION

### [California Business & Professions Code §§ 17000, et seq.]

*(By Plaintiff against all Defendants)*

79.     Plaintiff re-alleges and incorporates by reference, as though fully set forth herein, the paragraphs previously alleged in this Complaint.

80.     At all times relevant hereto, by and through the conduct described herein, the Defendants have engaged in unfair, unlawful and fraudulent business practices, in violation of Cal. Bus. & Prof. Code §§ 17200 et seq., and have thereby deprived Plaintiff of fundamental rights and privileges guaranteed to all employees under California law.

81.     Defendants, and each of them, are "persons" as defined under Bus. & Prof. Code § 17021.

82.     Plaintiff is informed and believes, and based upon that information and belief alleges, that Defendants, and each of them, have intentionally and improperly denied overtime compensation to Plaintiff for hours worked.

83.     Furthermore, Defendants, and each of them, have underreported to federal and state authorities' wages earned by Plaintiff and, therefore, have underpaid state taxes, employer matching funds, and state unemployment premiums.  The aforesaid conduct is criminal in nature and subjects the Defendants, and each of them, to sanctions, fines and imprisonment, and is actionable under Bus. & Prof. Code §§ 17000, et seq.

84.     Plaintiff is informed and believes, and based upon that information and belief alleges that Defendants, and each of them, performed the above-mentioned acts with the intent of gaining an unfair competitive advantage and thereby injuring Plaintiff, other

-17-

COMPLAINT

1     employees, other competitors, and the general public.

2        85.     The conduct of Defendants set forth herein violates Bus. & Prof. Code § 17000

3     et, seq. and Plaintiff is entitled to injunctive relief, treble damages and attorneys' fees.

4        86.     As a direct and proximate result of these acts and omissions, Plaintiff is informed

5     and believes, and based upon that information and belief alleges, that the Defendants, and

6     each of them, were able to unfairly compete with other insurance providers in the state of

7     California by not paying overtime and wages in violation of Bus. & Prof. Code Chapters 4

8     and 5, et al. Due to this unfair business practice, Defendants have been able to charge lower

9     prices for its goods and services than the prices charged by other competitors doing business

10     in the state of California.

11        87.     The Plaintiff requests that the Court issue a preliminary and permanent injunction

12     prohibiting the Defendants, and each of them, from requiring all non-exempt employees from

13     working more than eight (8) hours a work day and/or forty (40) hours a week in any work

14     week without payment of minimum wages and/ or overtime wages.

15        88.     The Plaintiff also requests that the Court order the Defendants to disgorge all

16     illegally obtained monies from failing to pay state taxes, state disability insurance premiums,

17     and state unemployment taxes, obtained by way of their violation of Bus. & Prof. Code §§

18     17200, et seq.

19        89.     As Plaintiff seeks to enforce an important right affecting the public interest, to

20     wit, the lawful payment of minimum wages and overtime wages as required by law, the

21     disgorgement of ill-gotten gains, and the restitution of unlawfully withheld wages, with

22     interest thereon, Plaintiff requests an award of attorneys' fees, pursuant to Code Civ. Proc. §

23     1021.5.

24                              **PRAYER**

25        WHEREFORE Plaintiff prays for relief on Plaintiff's causes of action as more

26     specifically set forth in the individual causes of action:

27             **ON THE FIRST CAUSE OF ACTION:**

28                (a)     For Compensatory Damages according to proof at trial;

(b)      For General Damages according to proof at trial;

(c)      For reasonable attorney's fees and costs according to proof;

(d)      For prejudgment interest on the foregoing at the legal rate;

(e)      For statutory penalties as provided under the applicable Sections of the FEHA;

(f)      For injunctive relief prohibiting Defendant discriminating based on disability;

(g)      For such other and further relief as the court deems just and proper.

**ON THE SECOND CAUSE OF ACTION:**

(a)      For Compensatory Damages according to proof at trial;

(b)      For General Damages according to proof at trial;

(c)      For Reasonable attorney's fees and costs according to proof;

(d)      For prejudgment interest on the foregoing at the legal rate;

(e)      For injunctive relief;

(f)      For statutory penalties as provided under the applicable Sections of the FEHA;

(g)      For such other and further relief as the court deems just and proper;

**ON THE THIRD CAUSE OF ACTION:**

(a)      For Compensatory Damages according to proof at trial;

(b)      For General Damages according to proof at trial;

(c)      For prejudgment interest on the foregoing at the legal rate;

(d)      For injunctive relief;

(e)      For reasonable attorney fees according to proof;

(f)      For statutory penalties as provided under the applicable Sections of the FEHA;

(g)      For such other and further relief as the court deems just and proper;

**ON THE FOURTH CAUSE OF ACTION:**

(a)      For Compensatory Damages according to proof at trial;

-19-

COMPLAINT

(b)     For General Damages according to proof at trial;

(c)     For Reasonable attorney's fees and costs according to proof;

(d)     For prejudgment interest on the foregoing at the legal rate;

(e)     For injunctive relief prohibiting Defendants discriminating based on age;

(f)     For statutory penalties as provided under the applicable Sections of the FEHA;

(g)     For such other and further relief as the court deems just and proper.

**ON THE FIFTH CAUSE OF ACTION:**

(a)     For compensatory Damages;

(b)     For General Damages according to proof at trial;

(c)     For reasonable attorney's fees and costs according to proof;

(d)     For prejudgment interest on the foregoing at the legal rate;

(e)     For statutory penalties as provided under the applicable Sections of the FEHA;

(f)     For punitive or exemplary damages;

(g)     For such other and further relief as the court deems just and proper.

**ON THE SIXTH CAUSE OF ACTION:**

(a)     For compensatory damages;

(b)     For General Damages;

(c)     For prejudgment interest on the foregoing at the legal rate;

(d)     For such other and further relief as the court deems just and proper.

**ON THE SEVENTH CAUSE OF ACTION:**

(a)     For Compensatory Damages;

(b)     For General Damages;

(c)     For a permanent injunction prohibiting Defendants from harassing employees in violation of FEHA;

(d)     For exemplary and punitive damages, according to proof;

1    **ON THE EIGHTH CAUSE OF ACTION:**

2        (a)    For compensatory damages, together with prejudgment interest, according

3    to proof;

4        (b)    For general damages according to proof;

5        (c)    For reasonable attorney's fees and costs according to proof;

6        (d)    For disgorgement if ill-gotten and/or ill-gained profits resulting from the

7    unfair business practices of Defendants;

8        (e)    For prejudgment interest on the foregoing at the legal rate;

9        (f)    For statutory penalties as provided under the applicable Sections of Cal.

10    Bus. & Prof. Code §§ 17200;

11        **ON ALL CAUSES OF ACTIONS:**

12        (a)    For such other and further relief as the court deems just and proper.

13

14

15    Dated: December 30, 2020                    **SERENDIB LAW FIRM**

16                                            By: _____

17                                            Dimuth Amaratunge, Esq.
                                                Maya L. Serkova, Esq.,
18                                            Attorneys for Plaintiff Maria A Vigil

19

20                            **DEMAND FOR JURY TRIAL**

21

22    Dated: December 30, 2020                    **SERENDIB LAW FIRM**

23

24                                            By: _____
25

26                                            Dimuth Amaratunge, Esq.
                                                Maya L. Serkova, Esq.,
27                                            Attorneys for Plaintiff Maria A Vigil

28

-21-

COMPLAINT

# EXHIBIT 2

1  SEYFARTH SHAW LLP
   Jamie C. Pollaci (SBN 244659)
2  Email: jpollaci@seyfarth.com
   Orly Z. Elson (SBN 240645)
3  E-mail: oelson@seyfarth.com
   2029 Century Park East, Suite 3500
4  Los Angeles, California 90067-3021
   Telephone:    (310) 277-7200
5  Facsimile:    (310) 201-5219

6  Attorneys for Defendant
   LOWE'S HOME CENTERS, LLC

7

8

9              SUPERIOR COURT FOR THE STATE OF CALIFORNIA

10                         COUNTY OF ORANGE

11

12  MARIA ALEJANDRA VIGIL, an individual,      Case No. 30-2020-01176663-CU-WT-NJC

13              Plaintiff,                      **DEFENDANT LOWE'S HOME
                                                CENTERS, LLC'S ANSWER TO
           v.                                   PLAINTIFF'S COMPLAINT**
14

15  LOWE'S HOME CENTERS, LLC, a California     Complaint Filed:    December 30, 2020
    Limited Liability Company; and DOES 1 through   Trial Date:         None Set
16  10, inclusive,

17              Defendant.

18

19

20

21

22

23

24

25

26

27

28

Defendant Lowe's Home Centers, LLC ("Defendant"), for itself and no other defendant, hereby answers the unverified Complaint of Plaintiff Maria Alejandra Vigil ("Plaintiff") as follows:

## GENERAL DENIAL

Pursuant to Section 431.30(d) of the California Code of Civil Procedure, Defendant denies, generally and specifically, each and every allegation, statement, matter and each purported cause of action contained in the Complaint, and without limiting the generality of the foregoing, denies, generally and specifically, that Plaintiff has been damaged in the manner or sums alleged, or in any way at all, by reason of any acts or omissions of Defendant.

## SEPARATE AND ADDITIONAL DEFENSES

In further answer to the Complaint, and as separate and distinct additional defenses, Defendant alleges as follows, without thereby assuming the burden of proof on any defense on which it would not otherwise have the burden of proof by operation of law.

## FIRST DEFENSE

### (Failure to State a Cause of Action)

1.      Plaintiff's Complaint, and each purported cause of action contained therein, fails to state facts sufficient to constitute a cause of action against Defendant.

## SECOND DEFENSE

### (Statute of Limitations)

2.      The Complaint, and each purported cause of action alleged therein, is barred in whole or in part by all applicable statutes of limitation including but not limited to California Code of Civil Procedure Sections 335.1, 338(a) and 340, Business and Professions Code Section 17208, and California Government Code Sections 12960(d) and 12965(d).

## THIRD DEFENSE

### (Estoppel)

3.      Any recovery on Plaintiff's Complaint and each cause of action alleged therein is barred because Plaintiff is estopped by her conduct and actions to claim any right to damages or any relief against Defendant.

DEFENDANT LOWE'S HOME CENTER LLC'S ANSWER TO PLAINTIFF'S COMPLAINT
67683954v.2 / 108292-000108

### FOURTH DEFENSE

### (Unclean Hands)

4.      Any recovery on Plaintiff's Complaint and each cause of action alleged therein is barred by the equitable doctrine of unclean hands because of Plaintiff's conduct and actions.

### FIFTH DEFENSE

### (Laches)

5.      Plaintiff's claims are barred, in whole or in part, by the doctrine of laches because Plaintiff delayed unreasonably in bringing her claims.

### SIXTH DEFENSE

### (Failure To Exhaust Administrative Remedies)

6.      Plaintiff's Complaint and each cause of action alleged therein are barred to the extent Plaintiff failed to exhaust her administrative remedies and to the extent Plaintiff's causes of action exceed the scope of charges he filed, if any, with appropriate governmental agencies.

### SEVENTH DEFENSE

### (After-Acquired Evidence)

7.      To the extent discovery may disclose information which could serve as a basis for the termination of Plaintiff's employment, Plaintiff is barred from recovery by the after-acquired evidence doctrine.

### EIGHTH DEFENSE

### (Failure to Mitigate Damages)

8.      Plaintiff's Complaint and each cause of action alleged therein are barred, or should be reduced, to the extent Plaintiff failed to mitigate her alleged damages as required by law.

### NINTH DEFENSE

### (Workers' Compensation Act Preemption)

9.      To the extent Plaintiff's Complaint, or any purported cause of action alleged therein, alleges emotional or physical injury, any court or arbitrator lacks jurisdiction, and any recovery is barred by the exclusivity of remedy under the California Workers' Compensation Act, California Labor Code Sections 3200, *et seq.*

2

**TENTH DEFENSE**

**(Setoff and Recoupment)**

10.     To the extent a court or arbitrator holds that Plaintiff is entitled to damages or penalties, which is specifically denied, Defendant is entitled under the equitable doctrine of setoff and recoupment to offset all overpayments made to Plaintiff and/or all obligations Plaintiff owed to Defendant against any judgment that may be entered against Defendant.

**ELEVENTH DEFENSE**

**(Failure to Take Advantage of Preventive/Corrective Opportunities)**

11.     Defendant exercised reasonable care to prevent and/or correct any discriminatory or retaliatory workplace conduct allegedly experienced by Plaintiff. Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendant or to avoid harm otherwise, and thus Plaintiff's Complaint and each cause of action alleged therein are barred or, alternatively, her relief is limited.

**TWELFTH DEFENSE**

**(Prompt Remedial Action)**

12.     Defendant took prompt and appropriate corrective action in response to Plaintiff's complaints or stated concerns regarding the workplace, if any, thereby satisfying all legal duties and obligations Defendant had to Plaintiff, if any at all.

**THIRTEENTH DEFENSE**

**(Consent and Waiver)**

13.     Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred by the doctrines of consent and waiver because of Plaintiff's own conduct and actions.

**FOURTEENTH DEFENSE**

**(Offset)**

14.     Any recovery on Plaintiff's Complaint and each cause of action alleged therein is barred in whole or in part because Defendant is entitled to an offset for any monies Plaintiff received from any source after Plaintiff ceased to be employed under the doctrine prohibiting double recovery set forth by *Witt v. Jackson*, 57 Cal. 2d 57 (1961) and its progeny.

3

1

### FIFTEENTH DEFENSE

2

### (Punitive Damages Unconstitutional)

3        15.    Although Defendant denies it has committed or has responsibility for any act that could

4    support the recovery of punitive damages in this lawsuit, if any, to the extent any such act is found,

5    recovery of punitive damages against Defendant is unconstitutional under numerous provisions of the

6    United States Constitution and the California Constitution.

7

### SIXTEENTH DEFENSE

8

### (Failure to State a Claim for Relief for Punitive Damages)

9        16.    Plaintiff is not entitled to recover any punitive, double or exemplary damages against

10   Defendant and any allegations with respect thereto should be stricken because Plaintiff has failed to

11   plead and cannot prove facts sufficient to support allegations of oppression, fraud and/or malice

12   pursuant to California Civil Code Section 3294(a).

13

### SEVENTEENTH DEFENSE

14

### (Adequate Legal Remedy)

15       17.    Plaintiff's request for injunctive relief is improper because Plaintiff has an adequate

16   remedy at law.

17

### EIGHTEENTH DEFENSE

18

### (Lack of Jurisdiction - Arbitration Agreement)

19       18.    This Court lacks jurisdiction over the Complaint, and all causes of action alleged therein,

20   due to the existence of a mandatory and binding Arbitration Agreement executed by Plaintiff.

21

### NINETEENTH DEFENSE

22

### (Legitimate Business Justification/Same Decision/Mixed Motive)

23       19.    Any monetary recovery on Plaintiff's Complaint, or any purported cause of action

24   alleged therein, is barred because assuming arguendo that discriminatory or retaliatory reasons had been

25   a motivating factor in any decisions toward Plaintiff, which Defendant expressly denies, Defendant

26   would have made the same decisions toward Plaintiff in any case for legitimate, non-retaliatory and non-

27   discriminatory business reasons. *See Harris v. City of Santa Monica*, 56 Cal. App. 4th 203 (2013).

28

4

## TWENTIETH DEFENSE

### (Good Faith and Reasonableness)

20.     Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred in whole or in part because Defendant and its agents acted reasonably and in good faith at all times material herein based on all relevant facts and circumstances known by them at the time they so acted.  Moreover, any and all decisions made and actions taken with respect to Plaintiff were in the exercise of proper managerial discretion and are subject to the managerial privilege.

## TWENTY-FIRST DEFENSE

### (Undue Hardship)

21.     To the extent that Plaintiff requested accommodations that were not reasonable or would cause Defendant undue hardship, and thus were not required, Plaintiff's claims fail.

## TWENTY-SECOND DEFENSE

### (Failure To Engage In An Interactive Process)

22.     Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff failed to participate in good faith, or at all, in an interactive process with Defendant regarding her purported need for a reasonable accommodation for her alleged disability.

## TWENTY-THIRD DEFENSE

### (Unable to Perform Essential Functions)

23.     Plaintiff's claims are barred in whole or in part to the extent that Plaintiff, because of a physical or mental disability, was unable to perform the essential duties of her position with or without reasonable accommodations.

## TWENTY-FOURTH DEFENSE

### (Health and Safety of Plaintiff and Others)

24.     Plaintiff's claims are barred in whole or in part to the extent that Plaintiff could not perform the essential duties of her position in a manner that would not endanger the employee's health or safety or the health or safety of others, even with reasonable accommodations.

DEFENDANT LOWE'S HOME CENTERS LLC'S ANSWER TO PLAINTIFF'S COMPLAINT

67683954v.2 / 108292-000108

## TWENTY-FIFTH DEFENSE

### (Competitors' Privilege)

25.     Plaintiff's unfair competition claim is barred by the doctrine of competitors' privilege.  Any alleged competitive conduct, if it occurred, was justified and the benefits of such conduct outweigh the harm, if any, caused by such conduct.

## RESERVATION OF RIGHTS

19.     Defendant does not presently know all of the facts and circumstances respecting Plaintiff's claims.  Defendant has not knowingly or intentionally waived any applicable defenses and reserves the right to assert and rely on such other applicable defenses as may later become available or apparent.  Defendant further reserves the right to amend its answer or defenses accordingly and/or to delete defenses that it determines are not applicable during the course of discovery.

## PRAYER FOR RELIEF

Wherefore, Defendant prays for judgment as follows:

A.     That Plaintiff take nothing by way of her Complaint;

B.     That judgment be entered in favor of Defendant and against Plaintiff in this action;

C.     That Defendant be awarded reasonable attorneys' fees and costs of suit incurred herein as provided by law; and

D.     That Defendant be awarded such other relief as may be deemed just and proper.

DATED:  February 3, 2021                          SEYFARTH SHAW LLP

By: _____
Jamie C. Pollaci
Orly Z. Elson
Attorneys for Defendant
LOWE'S HOME CENTERS, LLC

6

# **PROOF OF SERVICE**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is 2029 Century Park East, Suite 3500, Los Angeles, California 90067.  On February 3, 2021, I served the within document(s):

**DEFENDANT LOWE'S HOME CENTERS, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT**

☐ I sent such document from facsimile machines (310) 201-5219 on February 3, 2021.  I certify that said transmission was completed and that all pages were received and that a report was generated by said facsimile machine which confirms said transmission and receipt.  I, thereafter, mailed a copy to the interested party(ies) in this action by placing a true copy thereof enclosed in sealed envelope(s) addressed to the parties listed below.

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California, addressed as set forth below.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by placing the document(s) listed above in a sealed envelope or package provided by Federal Express with postage paid on account and deposited for collection with Federal Express at Los Angeles, California, addressed as set forth below.

☐ by transmitting the document(s) listed above, electronically, via the e-mail addresses set forth below.

Dimuth C. Amaratunge                            *Attorneys for Plaintiff*
Maya L. Serkova                                      Maria Alejandra Vigil
SERENDIB LAW FIRM, APC
765 The City Drive, Suite 355
Orange, CA 92868
T: (714) 702-1300
F: (714) 703-1304
da@serendiblaw.com
mserkova@serendiblaw.co,

I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on February 3, 2021, at Los Angeles, California.


_____
*Ann Pleasant*
Ann Pleasant

1